SHEEHAN, Plaintiff in error, v. STATE, Defendant in error.

*No. State 114. Submitted under sec. (Rule) 251.54 November 1, 1974.—Decided December 2, 1974.*
(Also reported in 223 N. W. 2d 600.)

758

The cause was submitted for the plaintiff in error on the briefs of *Howard B. Eisenberg,* state public defender, and *Robert J. Paul,* assistant state public defender, and for the defendant in error on the brief of *Robert W. Warren,* attorney general, and *Robert D. Martinson,* assistant attorney general.

HANLEY, J. Four issues are presented on this appeal:

1. Did the trial court err in allowing the deposition of the victim of the battery and robbery to be received into evidence?

2. If there was an error as to the admissibility of the deposition, was it harmless error?

3. Should the circuit court have granted a new trial on the basis of newly discovered evidence?

4. Should a new trial be granted in the interest of justice?

*Admissibility of the deposition.*

The defendant contends that as sec. 967.04, Stats., was applied to this case, he was denied the following rights: His right to confrontation; to a jury trial; to a public trial; to a presumption of innocence. Defendant further contends that the witness was not "unavailable" and that

he was prevented from determining whether there was a proper foundation within the meaning of the statute.

The statute, sec. 967.04, provides how and under what circumstances the deposition may be used. Those portions which are pertinent here provide:

"967.04 **Depositions in criminal proceedings.** (1) If it appears that a prospective witness may be unable to attend or prevented from attending a criminal trial or hearing, that his testimony is material and that it is necessary to take his deposition in order to prevent a failure of justice, the court at any time after the filing of an indictment or information may upon motion and notice to the parties order that his testimony be taken by deposition and that any designated books, papers, documents or tangible objects, not privileged, be produced at the same time and place. . . .
". . .

"(5) (a) At the trial or upon any hearing, a part or all of a deposition (so far as otherwise admissible under the rules of evidence) may be used if it appears: That the witness is dead; that the witness is out of state, unless it appears that the absence of the witness was procured by the party offering the depositions; that the witness is unable to attend or testify because of sickness or infirmity; or that the party offering the deposition has been unable to procure the attendance of the witness by subpoena."

In *Pointer v. Texas* (1965), 380 U. S. 400, 85 Sup. Ct. 1065, 13 L. Ed. 2d 923, the supreme court held that the sixth amendment's right of an accused to confront the witnesses against him is made obligatory on the states by the fourteenth amendment. The court noted that there are few subjects upon which there is more nearly unanimous agreement than the belief that the right to confrontation and cross-examination is an essential and fundamental requirement for a fair trial.

If a witness is unavailable to testify, it is not a denial of the right to confrontation to allow prior recorded testimony of a witness where the defendant has had an

adequate opportunity to cross-examine the witness. *Mancusi v. Stubbs* (1972), 408 U. S. 204, 92 Sup. Ct. 2308, 33 L. Ed. 2d 293.

Depositions of witnesses are allowed in criminal cases. *State ex rel. Drew v. Shaughnessy* (1933), 212 Wis. 322, 249 N. W. 522. Sec. 967.04, Stats., so provides. However, if the witness is not in fact unavailable or if the prosecutorial authorities have not made a good-faith effort to obtain his presence at trial, the use of the deposition does not fit within the exception to the confrontation requirement. *Barber v. Page* (1968), 390 U. S. 719, 88 Sup. Ct. 1318, 20 L. Ed. 2d 255.

In *Spencer v. State* (1907), 132 Wis. 509, 112 N. W. 462, it was held that mere temporary physical or mental illness or disability is not sufficient to justify the reception of former testimony. However, where the witness is in such a state, either mentally or physically, that in all probability he would never be able to attend the trial, former testimony is allowable at the trial.

Under the rule of *Spencer v. State, supra,* the use of the deposition in this case was error because there was no showing that Woods' condition was permanent. Dr. Buie testified as to his diagnosis on April 28, 1973, and stated that he believed the condition would exist on the day of the trial and the following two days. It was not shown that Woods' condition was permanent or that it would continue for any considerable period.

In addition, although Dr. Buie did testify that what Woods found most threatening was that he would be present when questioned about possible homosexual relations, he did not recall knowing that Woods had testified at a preliminary hearing and he did not know that Woods testified at a deposition three days before. Between the deposition and the day of trial, Dr. Buie's only contact with Woods was by way of a telephone conversation. Considering the constitutional right to confrontation and

the statutory requirement that a deposition may be used if it appears that the witness is unable to testify because of sickness or infirmity, we are satisfied that Dr. Buie's testimony did not provide a sufficient foundation for the deposition's use.

As to the rule in civil cases this court in *Schoenauer v. Wendinger* (1971), 49 Wis. 2d 415, 423, 182 N. W. 2d 441, stated:

"The in-person testimony of witnesses is to be encouraged. The opportunity for the jury and court to assess the testimony of each witness, reflecting on his demeanor and his conduct under cross-examination, is ample reason why in-person testimony is to be preferred. The taking of depositions is necessary on occasion and their use permitted, but only after the court makes a finding that one of the conditions for their use has been satisfied. We find error here in the trial court's admission of the Brodnicki deposition into evidence without a proper foundation having been laid for its use."

We conclude that because there was no showing that the witness was permanently ill, the defendant was denied his constitutional right to confrontation by the court allowing the use of Woods' deposition. Since we hold it was error to allow the use of the deposition we need not reach the remaining constitutional questions raised by defendant on this issue.

*Question of harmless error.*

The state argues that even if the trial court did err in permitting the deposition to be read at trial, it would be harmless error.

"The test of harmless error is not whether some harm has resulted, but, rather, whether the appellate court in its independent determination can conclude there is sufficient evidence, other than and uninfluenced by the inadmissible evidence, which would convict the defendant beyond a reasonable doubt." *Wold v. State* (1973), 57 Wis. 2d 344, 356, 204 N. W. 2d 482.

The defendant argues that this test is incomplete under *Chapman v. California* (1967), 386 U. S. 18, 87 Sup. Ct. 824, 17 L. Ed. 2d 705, in that *Chapman* requires a finding beyond a reasonable doubt both as to the erroneously admitted evidence not influencing the untainted admissible evidence. However, in *Scales v. State* (1974), 64 Wis. 2d 485, 219 N. W. 2d 286, this court reaffirmed the *Wold* test after pointing out that the error in that case was harmless even under "the earlier test" of *Chapman v. California, supra.*

While this court has held that if an error is of constitutional proportions, it is assumed that the error is prejudicial and the prosecution has the burden of showing it was harmless beyond a reasonable doubt. *State v. Spring* (1970), 48 Wis. 2d 333, 179 N. W. 2d 841. Such errors are subject to the harmless error rule. *Wolke v. Fleming* (1964), 24 Wis. 2d 606, 129 N. W. 2d 841, certiorari denied, 380 U. S. 912, 85 Sup. Ct. 897, 13 L. Ed. 2d 798. Also, this court has said that the *Wold* test of harmless error is one of degree of harm and that "[i]n cases of confessions and right to trial by jury, effective assistance of counsel, it has been generally held the harm is such as to require automatic reversal." *Wold v. State, supra,* page 357, but in *Scales v. State, supra,* it was held that an error in using admissions obtained in the absence of *Miranda* warnings, while of constitutional dimensions, was harmless.

We think the error found in this case is harmless. The victim Woods could not identify who beat or robbed him. It was Stephens' testimony which tied the defendant in with these acts. While Stephens was an accomplice, his testimony would be competent testimony upon which to base a verdict of guilty if it is of such a nature that it is entitled to belief and the jury believes it. *State v. Haugen* (1972), 53 Wis. 2d 339, 193 N. W. 2d 50; and *Voigt v. State* (1973), 61 Wis. 2d 17, 211 N. W. 2d 445. In addition, much of Stephens' testimony was corrobo-

rated by the testimony of the police officers who appeared on the scene.

*Newly discovered evidence.*

The defendant moved for a new trial on the basis of newly discovered evidence. The court denied the motion. The "newly discovered evidence" is the testimony of the codefendant Johnson. Johnson testified at his own trial the following day and was acquitted of the robbery and attempted aggravated battery charges, but was found guilty of the battery charge. His attorney, by affidavit, stated that had Johnson been called to testify at the defendant's trial, he would have advised him to exercise his fifth amendment right against self-incrimination and not testify.

In *State v. Herfel* (1971), 49 Wis. 2d 513, 521, 522, 182 N. W. 2d 232, this court stated:

"The standard requirements for granting a new trial on the basis of newly discovered evidence are well established; they are: (1) The evidence must have come to the moving party's knowledge after a trial: (2) the moving party must have not been negligent in seeking to discover it; (3) the evidence must be material to the issue; (4) the testimony must not be merely cumulative to the testimony which was introduced at trial; and (5) it must be reasonably probable that a different result would be reached on a new trial."

If the newly discovered evidence fails to pass any one of these five tests, it is not sufficient to warrant a new trial. *Swonger v. State* (1972), 54 Wis. 2d 468, 195 N. W. 2d 598.

Here, although the defendant did not know exactly what Johnson's testimony was going to be, he did know that Johnson was involved and that Johnson had knowledge of the facts of the case. The defendant contends that "[s]ince Mr. Johnson's exact testimony could not be known by the defendant prior to trial" it was newly

discovered. We disagree. A witness' exact testimony is never known until it is given and the fact that Johnson did testify at his own trial does not satisfy the test for newly discovered evidence.

*New trial in the interest of justice.*

The last contention of the defendant is that a new trial in the interest of justice is necessary under sec. 251.09, Stats., in order to prevent a miscarriage of justice. The only reason the defendant advances in support of his contention is that the conviction was obtained in violation of his constitutional rights. Since the violation of the rights of the defendant was harmless error, a new trial in the interest of justice is not required. A new trial in the interest of justice will be granted only if there has been apparent miscarriage of justice and it appears that a retrial under optimum circumstances will produce a different result. *Okrasinski v. State* (1971), 51 Wis. 2d 210, 219, 186 N. W. 2d 314. Under the facts of this case that likelihood is not present.

*By the Court.*—Judgment and order affirmed.