**Freddie Joseph PHILLIPS, Appellant,**

v.

**Donald W. WYRICK, Warden, Missouri State Penitentiary, Appellee.**

**No. 76–2107.**

United States Court of Appeals, Eighth Circuit.

Submitted May 20, 1977.

Decided July 20, 1977.

Rehearing and Rehearing En Banc Denied Aug. 11, 1977.

---

H. David Robards, Asst. Federal Public Defender, Kansas City, Mo., for appellant; David R. Freeman, Federal Public Defender, Western District of Mo., Kansas City, Mo., on brief.

Philip M. Koppe, Asst. Atty. Gen., Jefferson City, Mo., for appellee; John D. Ash-croft, Atty. Gen., Jefferson City, Mo., on brief.

Before BRIGHT and HENLEY, Circuit Judges, and LARSON, District Judge.[*]

HENLEY, Circuit Judge.

Petitioner appeals from the district court order[1] denying his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 in which he collaterally attacked his conviction for robbery, claiming a deprivation of his constitutional right of confrontation. We affirm the district court's denial of relief.

Petitioner Freddie Joseph Phillips was convicted by jury of first degree robbery in the Circuit Court of Jasper County, Missouri. Phillips was initially charged and afforded a preliminary hearing in the Magistrate Court for Jasper County. At the preliminary hearing, Phillips' alleged accomplice Chris Brownfield testified for the prosecution which was conducted by Grant Scott, Assistant Prosecuting Attorney for Jasper County. Phillips was represented by counsel at the preliminary hearing, and had an opportunity to cross-examine Brownfield. No stenographic record of Brownfield's testimony at the preliminary hearing was made.

When the case was subsequently tried in the Circuit Court of Jasper County, witness Brownfield invoked his privilege against self-incrimination and refused to answer any questions. Thereafter, the state called Assistant Prosecutor Scott who testified as to the substance of Brownfield's testimony at the preliminary hearing.

According to Scott, Brownfield had testified to the effect that on April 18, 1972 he and Phillips had driven to the Koronado Kourts in Joplin, Missouri, where they had fought with the seventy-one year old proprietor John Dobrauc and had robbed him of his billfold containing $225.00. Scott indicated at trial that he had no difficulty

---

[*] The Honorable Earl R. Larson, United States District Judge for the District of Minnesota, sitting by designation.

1. The Honorable Elmo B. Hunter, United States District Judge, Western District of Missouri.

recalling Brownfield's testimony from the preliminary hearing because when he was questioning Brownfield at the preliminary proceeding Scott had had before him a prior out-of-court statement given by Brownfield to the state. As recounted by Scott at trial, Brownfield's sworn testimony at the preliminary hearing basically corroborated the trial testimony of the victim, Mr. Dobrauc, who was the state's principal witness.

The defense rested without presenting any evidence, the jury returned a verdict of guilty, and Phillips was sentenced to fifteen years imprisonment. On direct appeal, the Missouri Supreme Court affirmed the conviction finding, *inter alia*, that Phillips' right of confrontation had not been violated by the admission of Scott's testimony, and that its admission did not constitute error. *State v. Phillips*, 511 S.W.2d 841 (Mo.1974). Phillips again raised the confrontation issue in his habeas corpus petition. Without holding a hearing, the federal magistrate made findings of fact and conclusions of law adverse to petitioner, and these were adopted by the district court.

In this appeal, Phillips continues to maintain that the introduction at trial of Brownfield's preliminary hearing testimony through the testimony of prosecutor Scott constituted an infringement of his right of confrontation. He further contends that he was entitled to an evidentiary hearing in the district court to explore the details of Brownfield's cross-examination at the preliminary hearing and to determine whether Scott had examined Brownfield's written out-of-court statement prior to testifying at trial.

The state argues that there was no constitutional violation because the introduction at trial of the disputed testimony fell within an established exception to the confrontation requirement, and in light of that the evidentiary hearing requested by the petitioner was not necessary. We agree.

■ The Supreme Court has repeatedly noted the near unanimity with which it has consistently expressed the belief that "the right of confrontation and cross-examination is an essential and fundamental requirement for the kind of fair trial which is this country's constitutional goal." *Barber v. Page*, 390 U.S. 719, 721, 88 S.Ct. 1318, 1320, 20 L.Ed.2d 255 (1968); *Pointer v. Texas*, 380 U.S. 400, 405, 85 S.Ct. 1065, 13 L.Ed.2d 923 (1965).

■ An exception to the confrontation requirement was established in the early case of *Mattox v. United States*, 156 U.S. 237, 15 S.Ct. 337, 39 L.Ed. 409 (1895), where a witness who testified at defendant's first trial died before his second trial. The Supreme Court held that admitting the prior testimony of a witness does not violate the Confrontation Clause where the witness is unavailable at trial, the testimony was given at a previous judicial proceeding against the same defendant, and the defendant had an opportunity to cross-examine the witness. See cases collected in Annot., 15 A.L.R. 495 (1921), and supplemental annotations at 79 A.L.R. 1392 (1932); 122 A.L.R. 425 (1939); 159 A.L.R. 1240 (1945).

■ This exception has been contained within carefully drawn confines. In *Pointer v. Texas, supra*, the introduction at trial of a witness' testimony from a prior preliminary hearing was found to violate defendant's right of confrontation because the defendant, for lack of counsel at the preliminary hearing, had been denied an adequate opportunity to cross-examine the witness. Similarly, in *Barber v. Page, supra*, use of the preliminary hearing testimony of an absent witness did not fall within the exception because there was not a sufficient showing that the witness was actually unavailable in that the state had failed to make a good faith effort to obtain the presence of the witness at trial.

■ Significantly, the Court in both *Pointer* and *Barber* distinguished the particular case before it from one in which the fatal defect had been cured, indicating that the introduction at a subsequent trial of the preliminary hearing testimony of a witness would probably avoid a confrontation problem where the defendant was afforded through counsel an adequate opportunity to cross-examine the witness at the prelimi-

nary proceeding, and the witness was shown to be actually unavailable at the time of trial.

■ The circumstances in which the preliminary hearing testimony of an unavailable witness would be constitutionally admissible were articulated in greater detail in *California v. Green*, 399 U.S. 149, 90 S.Ct. 1930, 26 L.Ed.2d 489 (1970), where the witness, though physically available at trial, claimed lapse of memory. The Court stated that admission of the prior testimony was proper "wholly apart from the question of whether respondent had an effective opportunity for confrontation at the subsequent trial" because the witness' statement at the preliminary hearing "had already been given under circumstances closely approximating those that surround the typical trial." 399 U.S. at 165, 90 S.Ct. at 1938. The factors set forth as determinative were that at the preliminary hearing the witness was under oath; the defendant was represented by counsel, the same counsel, in fact, who later represented him at trial; the defendant had every opportunity to cross-examine the witness as to his statement; and the proceeding was conducted before a judicial tribunal equipped to provide a record of the hearing. *Id.*

■ The threshold issue to be considered in the instant case is whether the witness Brownfield was actually unavailable to testify at the petitioner's trial. When called to the stand, Brownfield invoked his Fifth Amendment privilege against self-incrimination and declined to answer questions. It is generally recognized that the "availability" of a witness depends as much on the production of his testimony as it does on his presence in court. Testimony from a witness who has claimed a privilege is for all practical purposes just as inaccessible as if he were dead or out of the jurisdiction of the court. *Mason v. United States*, 408 F.2d 903 (10th Cir. 1969); *State v. Phillips, supra*, 511 S.W.2d at 846–47. *See* Annot., 45 A.L.R.2d 1354, § 2 (1956).

■ The Court in *California v. Green, supra*, acknowledged the situation now before us when it commented that once the state had made a good faith effort to introduce evidence through the live testimony of a witness, "whether [the witness] then testified in a manner consistent or inconsistent with his preliminary hearing testimony, claimed a loss of memory, *claimed his privilege against compulsory self-incrimination*, or simply refused to answer, nothing in the Confrontation Clause prohibited the State from also relying on his prior testimony to prove its case against [the defendant]." (Emphasis added.) 399 U.S. at 167–68, 90 S.Ct. at 1940.

■ We conclude that Brownfield, by asserting his Fifth Amendment privilege, became an unavailable witness within the meaning of the traditional exception to the Sixth Amendment confrontation requirement so that use at trial of his preliminary hearing testimony was not constitutionally impermissible as long as the requisite safeguards were present at the time the prior testimony was given. *United States v. Allen*, 409 F.2d 611 (10th Cir. 1969); *Gov. of the Virgin Islands v. Aquino*, 378 F.2d 540 (3d Cir. 1967); *State v. Phillips, supra; State v. Solomon*, 5 Wash.App. 412, 487 P.2d 643 (1971). *See United States v. Milano*, 443 F.2d 1022 (10th Cir. 1971); *United States v. Mobley*, 421 F.2d 345 (5th Cir. 1970); *United States v. Mason, supra*; Annot., 45 A.L.R.2d 1354 (1956).

■ We recognize, of course, that a preliminary hearing serves a more limited function than does a trial, and that the right of confrontation is basically a trial right. *Barber v. Page, supra*, 390 U.S. at 725, 88 S.Ct. 1318. The record before us indicates, however, that Brownfield's testimony at the preliminary hearing was given in circumstances closely approximating those of a typical trial in all respects except one set forth by the Court in *California v. Green*. 399 U.S. at 165, 90 S.Ct. 1930. Brownfield's statement at the preliminary hearing was made under oath in a truth-inducing courtroom atmosphere. Petitioner Phillips was represented by counsel, the same one who later represented him at tri-

al. Phillips, through that counsel, had ample opportunity to cross-examine Brownfield as to the incriminating testimony he had given. Finally, the preliminary hearing was conducted before the Magistrate Court for Jasper County, a judicial tribunal.

Except for a written record, Brownfield's testimony at the preliminary hearing was obtained in full compliance with the criteria enumerated in *Green* as necessary to adequately safeguard defendant's right of confrontation where the prior testimony of an unavailable witness is subsequently introduced at trial.

In the circumstances we are not persuaded that the absence of a judicial record of Brownfield's preliminary hearing testimony was unduly prejudicial to the petitioner's right of confrontation. The purpose of a written record is to preserve the accuracy of testimony, and its use would be particularly appropriate where the prior testimony of an unavailable witness is introduced at trial. However, reliance upon a written record is not the only means of fulfilling the mission of the Confrontation Clause and assuring that "the trier of fact [has] a satisfactory basis for evaluating the truth of the prior statement." *Dutton v. Evans*, 400 U.S. 74, 89, 91 S.Ct. 210, 220, 27 L.Ed.2d 213 (1970), citing *California v. Green, supra*, 399 U.S. at 161, 90 S.Ct. 1930.

When Brownfield testified at the preliminary hearing, the accuracy of his statement was subject to cross-examination by the petitioner through his counsel. All those present in the courtroom, including Assistant Prosecutor Grant Scott and petitioner's counsel, Robert Richart, heard Brownfield testify and observed the events that transpired. When Scott, having provided a proper foundation, subsequently testified at trial as to what Brownfield had said at the earlier hearing, he too was open to cross-examination. Mr. Richart, who represented the petitioner at both the preliminary hearing and the trial, could reasonably have been expected to test his own recollection against Scott's testimonial reconstruction of Brownfield's prior statement, and if necessary to have called to the stand other people present at the preliminary hearing, using any inconsistencies as the basis for impeaching Scott.[2]

Because the petitioner, through his counsel, Mr. Richart, had the opportunity to confront and cross-examine both Brownfield and Scott, and to call witnesses to counter any discrepancies in Scott's reiteration of Brownfield's prior testimony, we find that there were adequate guarantees that Scott's testimony was reliable. Having thus been presented with a sufficiently accurate account of Brownfield's statement, the jury had a satisfactory basis from which to assess its truth.

In evaluating the truth of a witness' statement, a jury ordinarily has occasion to weigh the demeanor of the witness. The petitioner here asserts that the introduction of the preliminary hearing testimony denied him the benefit of the demeanor evidence which he claims is an essential element of his confrontation right. Although the confrontation privilege encompasses the opportunity both for the defendant to cross-examine a witness and for the jury to observe the witness, the former is an indispensable ingredient while the latter is an incidental advantage which must sometimes give way to considerations of public policy and the necessities of the case. *Barber v. Page, supra*, 390 U.S. at 725–26, 88 S.Ct. 1318; *Mattox v. United States, supra*, 156 U.S. at 243, 15 S.Ct. 337; *United States v. Allen, supra*, 409 F.2d at 613–14.

---

**2.** At common law, it was the well accepted practice, arising from the lack of stenographic capability, to permit the previous testimony of an unavailable witness to be proved at a subsequent trial by parol evidence given by any person who was present at the former proceeding and heard the witness testify, so long as the requisite opportunity to cross-examine the witness had been afforded the accused. *State v. Phillips, supra*, 511 S.W.2d at 847; 29 Am. Jur.2d *Evidence* § 761 (1967); McCormick on Evidence § 260 (2d ed. 1972); 4 Wigmore, Evidence § 1330(c) (Chadbourne rev. 1972); Annot., 15 A.L.R. 495, 544–46 (1921) and supplemental annotations.

In commenting that a criminal should not go free when an already cross-examined witness becomes unavailable for trial, the *Mattox* Court stated that, "the law, in its wisdom, declares that the rights of the public shall not be wholly sacrificed in order that an incidental benefit may be preserved to the accused." 156 U.S. at 243, 15 S.Ct. at 340. Accordingly, we find that the lack of demeanor evidence caused no unconstitutional diminution of petitioner's right of confrontation.

Phillips contends that he should have been granted an evidentiary hearing in the district court to develop the details surrounding the alleged violation of his confrontation right. The district court declined to conduct the requested hearing, relying on guidelines set forth in *Townsend v. Sain*, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963), requiring no evidentiary hearing where a state prisoner seeking a writ of habeas corpus alleges facts which, if proved, would not entitle him to relief. We do not find the district court's ruling incorrect.

Petitioner's purpose in seeking an evidentiary hearing was twofold. First, he wished to establish that his attorney, Mr. Richart, did not actually cross-examine Brownfield at the preliminary hearing, and that the decision not to do so was made without prior consultation with the petitioner who claims he did not waive his right of confrontation, regardless of the actions of his counsel. Second, petitioner desired to demonstrate that a written extrajudicial statement made by Brownfield before he testified at the preliminary hearing was in effect introduced against him, untested by cross-examination, in that Scott reviewed the written statement prior to testifying at trial.

A waiver of the confrontation right must be effected personally by an accused who is acting intentionally and knowledgeably. *Brookhart v. Janis*, 384 U.S. 1, 86 S.Ct. 1245, 16 L.Ed.2d 314 (1966); *Johnson v. Zerbst*, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938); and a choice to waive made by counsel not participated in by petitioner does not automatically bar relief to the petitioner. *Fay v. Noia*, 372 U.S. 391, 439, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963). In this case, however, the controlling consideration is not whether Phillips effectively waived his right to cross-examine Brownfield at the preliminary hearing, but whether Phillips had an adequate opportunity to conduct a cross-examination of Brownfield. Once the opportunity to cross-examine has been accorded, the confrontation requirement is fulfilled. *California v. Green, supra*; *Barber v. Page, supra*; *Pointer v. Texas, supra*. The actual use then made of the opportunity becomes a matter of defense strategy, and deliberate trial tactics do not ordinarily exact constitutional protection. *United States v. Allen, supra*. See *Henry v. Mississippi*, 379 U.S. 443, 451, 85 S.Ct. 564, 13 L.Ed.2d 408 (1965).

It is undisputed that the petitioner was present and represented by counsel when Brownfield testified at the preliminary hearing. Even though the record is unclear as to whether Brownfield was in fact cross-examined, Phillips' opportunity to do so was full, complete and unrestricted. His right of confrontation was thus satisfied, and the evidentiary hearing sought by Phillips would not have culminated in the relief he claimed.

Similarly, a showing that Scott, before testifying, had reviewed a written out-of-court statement made by Brownfield would have provided little relief to petitioner. Phillips attaches undue significance to Scott's trial testimony that he had no difficulty recalling Brownfield's preliminary hearing testimony because when he was questioning Brownfield at the hearing, he had in front of him a written statement previously made by Brownfield. Scott stated under oath that his testimony was from his recollection of the preliminary hearing, and there is no evidence in the record to the contrary.

It is universally recognized that a witness who is unable to clearly recall matters concerning his testimony may be permitted to use notes to refresh his memory so that he testifies from present recollec-

tion. *United States v. Socony-Vacuum Oil Co.*, 310 U.S. 150, 232–34, 60 S.Ct. 811, 84 L.Ed. 1129, *reh. denied*, 310 U.S. 658, 60 S.Ct. 1091, 84 L.Ed. 1421 (1940); *United States v. Conley*, 503 F.2d 520, 522 (8th Cir. 1974); *State v. Bradley*, 361 Mo. 267, 234 S.W.2d 556 (1950); *see* Annot., 82 A.L.R.2d 496, § 9 (1962), and cases cited therein; McCormick on Evidence, § 260 (2d ed. 1972).

■ We interpret Scott's remark associating his recollection with the written statement to be merely an explanation of how he happened to categorize the information in his own mind so as to remember the particular substance of the testimony Brownfield gave at the preliminary hearing. Scott's review of the written statement to revive his memory before he summarized Brownfield's previous testimony was not improper. The district court's finding to that effect was correct, and an evidentiary hearing would not have advanced petitioner's cause.

■ Our conclusion might differ were there any indication in the record that the written statement attributed to Brownfield had been read to the jury or otherwise admitted into evidence. Such an occurrence would call for a careful analysis of whether the jury could adequately weigh the credibility of the extrajudicial statement, whether it was crucial to the government's case, and whether its use before the jury was limited by the trial judge. *United States v. Rogers*, 549 F.2d 490, 500 (8th Cir. 1976); *United States v. Carlson*, 547 F.2d 1346 (8th Cir. 1976). If in fact it constituted the unsworn extrajudicial statement of an alleged accomplice, inadequately tested by cross-examination and failing to bear sufficient indicia of reliability to have been placed before the jury in a nonprejudicial manner, then such evidence might indeed be found to have posed a substantial threat

to petitioner's right to confront the witnesses against him. *See Dutton v. Evans, supra*; *Bruton v. United States*, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968); *Brookhart v. Janis, supra*; *Douglas v. Alabama*, 380 U.S. 415, 85 S.Ct. 1074, 13 L.Ed.2d 934 (1965). In addition, a new significance might be cast upon the fact that the evidence was introduced through the testimony of an assistant prosecutor even though the trial was conducted by other counsel.[3]

As stated, the Brownfield statement was not read to the jury or otherwise admitted. The record now before us reflects nothing more than that Scott used the extrajudicial statement to stimulate his memory before he summarized at trial the substance of Brownfield's preliminary hearing testimony, and that Scott's trial testimony was subject to cross-examination by the petitioner just as Brownfield's preliminary hearing testimony had been.

We find that petitioner was not deprived of his constitutional right of confrontation, nor was he improperly denied an evidentiary hearing. The order of the district court denying petitioner a writ of habeas corpus is affirmed.

---

**3.** While on this record we find nothing unconstitutional in the fact that an assistant prosecutor testified, we feel compelled to note that testimony by a trial lawyer is generally to be avoided. An advocate who becomes a witness is in the unseemly and ineffective position of arguing his own credibility, or of forcing other lawyers in the case to do so. The roles of advocate and of witness are inconsistent; the function of an advocate is to advance the cause, while that of a witness is to state facts objectively. ABA Code of Professional Responsibility No. 5, EC5–9 & 10, DR5–101(B) & 102. *See id.* No. 7, EC7–13, DR7–103; *id.* No. 9, EC9–2.