**Lupe Hernandez SILVA, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 2–81–005–CR.

Court of Appeals of Texas,
Fort Worth.

Oct. 21, 1981.

Frank W. Sullivan, III, Fort Worth, for appellant.

Tim Curry, Dist. Atty., and Pam Corley, Asst. Dist. Atty., Fort Worth, for appellee.

Before HUGHES, JORDAN and RICHARD L. BROWN, JJ.

OPINION

HUGHES, Justice.

Upon trial before a jury, the appellant, Lupe Hernandez Silva, was found guilty of aggravated robbery. The jury assessed the punishment at life imprisonment.

We affirm.

Appellant was arrested in Austin, Texas on February 6, 1977 for being intoxicated. Acting upon an arrest warrant issued in Grand Prairie, Texas, Officer Gary Morgan of the Grand Prairie Police Department drove to Austin and transferred the appellant to Grand Prairie.

On the morning of February 7, 1977 the appellant was arraigned before Magistrate Ann King who informed the appellant of his "*Miranda* rights" (State's exhibit # 5) including his right to counsel. The appellant testified that he requested the assistance of counsel during the arraignment but counsel was not appointed. The magistrate testified, on the other hand, that she offered accused an opportunity to call an attorney and that she could not recall that appellant requested an attorney.

Morgan testified that, following the arraignment, he brought the appellant out of his cell to talk to him about an aggravated robbery which had occurred in Grand Prairie. Morgan testified that, during their talk and after again being advised of his "*Miranda* rights", the appellant signed a

written statement in which he confessed having robbed a convenience store in Grand Prairie and a motel in Arlington on or about February 6, 1977. (This appeal involves the motel robbery.) The appellant testified, on the other hand, that he requested an attorney before he gave the statement to Morgan. He further testified that he signed the statement because Morgan told him that he would help him in regard to a matter pending in Dallas County. Morgan testified that he made no promises to the appellant and that at no time did appellant request counsel.

The trial court admitted the appellant's confession into evidence following a hearing outside the presence of the jury at which the above referred to testimony was elicited.

■ The appellant first contends that the trial court committed error by admitting into evidence an involuntary extra-judicial statement which had been taken after appellant's request for counsel had been ignored.

We first call attention to the statement the appellant signed. The printed portions of the statement recite that appellant did not want to talk with a lawyer and that he knowingly and voluntarily waived his right to counsel. It further recites that he made the statement without any promises, offers of leniency or favors etc. The statement was allegedly read to the appellant, as he read along, before he signed it.

It is readily apparent that the contradictory testimony elicited from the appellant, on the one hand, and Morgan and the magistrate, on the other hand, can be characterized best as a "swearing match". The trial court chose to believe Morgan and the magistrate after having observed the demeanor of all the witnesses.

In reviewing the evidence we hold that the trial judge did not abuse his discretion in ruling that the statement was admissible. The trial court is the sole judge of the weight and credibility of the evidence. *McMahon v. State*, 582 S.W.2d 786 (Tex.Cr. App.1978).

We overrule the appellant's first point of error.

■ On direct examination the victim of the motel robbery, James E. Smith, Jr., positively identified the appellant as the man who robbed him on February 6, 1977. Smith was then cross-examined by appellant's counsel but was asked nothing in regard to the direct testimony as to identification. At the end of his cross-examination the appellant's counsel reserved the right to recall Smith. The trial court thereafter instructed Smith to remain in attendance. After the state had rested, but before the appellant had rested, appellant's counsel desired to recall Smith but it was disclosed that Smith had left the state. Despite appellant's counsel's contentions that Smith was "absolutely necessary and essential for identification purposes and clarification", the trial judge proceeded with the trial of the case because he did not see any need for Smith to have to come back from Arkansas.

It is appellant's contention, in his second point of error, that the trial court's failure to grant him the right to further examine Smith, after appellant had been told he would be available, amounted to a refusal of compulsory process and a denial of his Sixth Amendment right to confrontation.

■ The Sixth Amendment and Tex. Code Crim. Proc. Ann. art. 1.05 (1977) provide, in part, that an accused shall have compulsory process for obtaining witnesses in his favor. In determining whether reversible error was committed by the trial court in failing to compel the attendance of a witness it is imperative that a showing be made as to what the witness would have testified. *Rodriguez v. State*, 513 S.W.2d 22 (Tex.Cr.App.1974). No such showing having been made by the appellant, we cannot hold that there was reversible error committed on this ground.

■ As far as the appellant's constitutional right to confront the witnesses against him is concerned, it cannot be doubted that the appellant had an opportunity to cross-examine Smith as to his identification of the appellant. The passing of

Smith without further cross-examination, although reserving the right to recall him, was a deliberate exercise of defense strategy. Deliberate trial tactics do not ordinarily exact constitutional protection. *Phillips v. Wyrick*, 558 F.2d 489, 496 (8th Cir. 1977) cert. den. 434 U.S. 1088, 98 S.Ct. 1283, 55 L.Ed.2d 793 (1978). We hold that the appellant was accorded his Sixth Amendment rights in that he had an opportunity to fully cross-examine Smith.

We overrule the appellant's second point of error.

The judgment is affirmed.