Franklin David PASSMORE, Petitioner-Appellant,

v.

W. J. ESTELLE, Jr., Director, Texas Department of Corrections, Respondent-Appellee.

No. 78–1963.

United States Court of Appeals, Fifth Circuit.

April 27, 1979.

John L. Hill, Atty. Gen., William L. Sessions, Asst. Atty. Gen., Enforcement Div., David M. Kendall, Joe B. Dibrell, Jr., Randy E. Drewett, Asst. Attys. Gen., Austin, Tex., for respondent-appellee.

Before COLEMAN, GODBOLD and IN-GRAHAM, Circuit Judges.

INGRAHAM, Circuit Judge:

Petitioner Franklin David Passmore, a Texas state prisoner, appeals the denial of his application for a federal writ of habeas corpus. Two issues are before the court: (1) whether the state trial court's ruling that defense counsel could not impeach a prosecution witness by evidence of prior incarceration violated petitioner's Sixth Amendment right to confrontation; and (2) whether petitioner's retained counsel rendered ineffective assistance on appeal in submitting a one sentence appellate brief. We affirm the denial of federal habeas relief as to the first issue, but reverse and remand as to the second issue.

Petitioner was convicted in a Texas state district court of the offense of burglary and was sentenced to life imprisonment as an habitual offender. The chief prosecution witness was petitioner's accomplice, Mr. Jimmy Chambers. During cross-examination of Chambers, petitioner's counsel twice asked the witness if he had been in jail since his arrest for the burglary. On both occasions, the court sustained the government's objection to the question.

On appeal, petitioner retained as counsel Mr. Harris Lofthus, who had not represented him at trial.[1] Mr. Lofthus filed a one sentence, thirteen word, brief on petitioner's behalf, which merely recited a prayer for relief: "Appellant prays that this case be reversed and remanded for a new trial." Although Mr. Lofthus had filed no request for extension of time in which to file a brief as provided by Rule 15 of the Texas Court

---

Franklin David Passmore, pro se, Robert Udashen, Dallas, Tex. (Court Appointed), for petitioner-appellant.

1. Petitioner retained different counsel at each stage of the proceedings. At arraignment and plea, petitioner retained Mr. Ronnie Posey. At trial, petitioner retained Mr. Charles Fairweather. On appeal, petitioner retained Mr. Lofthus.

of Criminal Appeals, Tex.Code Crim.Proc. art. 44.33 (1979), he submitted a "First Amended Brief" after the deadline for filing had passed. The Texas Court of Criminal Appeals affirmed the conviction in an unreported one paragraph per curiam opinion. Of the one sentence brief, the court observed: "Obviously, this presents nothing for review." Of the "First Amended Brief," the court stated that it would not be considered because of its untimely filing. Nonetheless, in the interest of justice, the court examined the record.

Proceeding in forma pauperis, petitioner exhausted state remedies before filing an application for federal habeas corpus relief under 28 U.S.C. § 2254 (1976). On February 22, 1978, the district court denied the application for writ of habeas corpus in accordance with the Report and Recommendation of the United States Magistrate.

■ Petitioner argues that the state trial court's ruling that defense counsel could not impeach a prosecution witness by evidence of his incarceration violated the confrontation clause of the Sixth Amendment. We find no merit in petitioner's argument. The court's ruling was dictated by Article 38.29 of the Texas Code of Criminal Procedure which forbids impeachment by past criminal misconduct unless a final conviction has been entered.[2] Application of the statute by the trial court did not unduly restrict cross-examination in violation of the Sixth Amendment. *Cf. United States v. Mayer*, 556 F.2d 245, 248–49 (5th Cir. 1977); *United States v. Crumley*, 565 F.2d 945, 949–50 (5th Cir. 1978).

2. Tex.Code Crim.Proc. art. 38.29 (1966) provides:

The fact that a defendant in a criminal case, or a witness in a criminal case, is or has been charged by indictment, information or complaint, with the commission of an offense against the criminal laws of this State, of the United States, or any other State shall not be admissible in evidence on the trial of any criminal case for the purpose of impeaching any person as a witness unless on trial under such indictment, information or complaint a final conviction has resulted, or a suspended sentence has been given and has not been set aside, or such person has been placed on

Petitioner's second argument is that his retained counsel rendered ineffective assistance on appeal in submitting a one sentence brief.[3] In this circuit, a criminal defendant is entitled to "counsel reasonably likely to render and rendering reasonably effective assistance." *United States v. Guerra*, 588 F.2d 519 (5th Cir. 1979), quoting *MacKenna v. Ellis*, 280 F.2d 592, 599 (5th Cir. 1960), modified 289 F.2d 928, *cert. denied*, 368 U.S. 877, 82 S.Ct. 821, 7 L.Ed.2d 78 (1961). Review of an ineffective assistance claim "requires an inquiry into the actual performance of counsel . . . and a determination whether reasonably effective assistance of counsel was rendered based on the totality of the circumstances." *Carbo v. United States*, 581 F.2d 91, 92 (5th Cir. 1978).

■ Ineffective assistance of counsel in state court may be predicated upon either the due process clause of the Fourteenth Amendment or the assistance of counsel clause of the Sixth Amendment. The Fourteenth Amendment is violated when retained counsel's representation is " 'so grossly deficient as to render the proceedings fundamentally unfair'." *Kallie v. Estelle*, 515 F.2d 588, 591 (5th Cir. 1975); *Fitzgerald v. Estelle*, 505 F.2d 1334, 1337 (5th Cir. 1975). The Sixth Amendment is violated when retained counsel's incompetent representation is "so apparent that a reasonably attentive official of the state should have been aware of and could have corrected it." *Id.* at 1337.

■ The conduct of petitioner's retained appellate counsel was so maladroit as to run afoul of the Fourteenth Amendment. "The

probation and the period of probation has not expired. In trials of defendants under Article 36.09, it may be shown that the witness is presently charged with the same offense as the defendant at whose trial he appears as a witness.

3. At oral argument before this court, petitioner's counsel informed the court that Mr. Lofthus had been suspended from the practice of law for ten months by the State Bar of Texas Grievance Committee because of his conduct of petitioner's appeal. *See Lofthus v. State*, 572 S.W.2d 799, 800 (Tex.Civ.App.—Amarillo, 1978).

constitutional requirement of substantial equality and fair process can only be attained where counsel acts in the role of an active advocate on behalf of his client, as opposed to that of *amicus curiae.* . . . His role as advocate requires that he support his client's appeal to the best of his ability." *Anders v. California*, 386 U.S. 738, 744, 87 S.Ct. 1396, 1400, 18 L.Ed.2d 493 (1967).

The submission of a one sentence brief by Mr. Lofthus was tantamount to abandonment of representation. It is well settled that appellate counsel "may not abandon representation on his own *ipse dixit.*" *Wright v. Estelle*, 572 F.2d 1071, 1083 (5th Cir. 1978). If counsel wishes to withdraw after notice of appeal has been filed, "he should so advise the court and request permission to withdraw. That request must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal." *Anders*, 386 U.S. at 744, 87 S.Ct. at 1400; *Barker v. Wainwright*, 459 F.2d 8, 10 (5th Cir. 1972). Like the no-merit letter submitted by appellate counsel in *Anders*,[4] the one sentence brief submitted by Mr. Lofthus failed to meet the minimum constitutional requirement of effective assistance of counsel on appeal.

The state trial court's ruling that defense counsel could not impeach a prosecution witness with evidence of his jail record comported with state law and did not violate the confrontation clause of the Sixth Amendment. Submission of a one sentence brief by retained appellate counsel, however, denied petitioner the effective assistance of counsel required by the Fourteenth Amendment. Accordingly, the district court's denial of the application for a writ of habeas corpus is affirmed in part and

reversed and remanded in part. Upon remand, the district court is instructed to enter an order granting the petition for writ of habeas corpus unless the courts of Texas shall grant and afford the petitioner a new and out-of-time appeal, the time of which shall run from the date of the district court's order.

AFFIRMED in part, REVERSED and REMANDED in part.

---

4. In *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), the issue before the court was whether appointed counsel had rendered ineffective assistance on appeal of a felony conviction to a California appellate court, when counsel had advised the court that there was no merit to the appeal. Counsel wrote the following letter to the appellate court: "I will not file a brief on appeal as I am of the opinion that there is no merit to the appeal. I have visited and communicated with

Mr. Anders and have explained my views and opinions to him. . . ." The Supreme Court held that such representation amounted to ineffective assistance of counsel under the Fourteenth Amendment. *Id.* at 744, 87 S.Ct. 1396.