**Franklin David PASSMORE,
Petitioner-Appellant,**

v.

**W. J. ESTELLE, Jr., Director, Texas
Department of Corrections,
Respondent-Appellee.**

No. 78–1963.

United States Court of Appeals,
Fifth Circuit.

Nov. 27, 1979.

Robert Udashen, Dallas, Tex., (Court-appointed), for petitioner-appellant.

William L. Sessions, Asst. Atty. Gen., Enforcement Div., Randy E. Drewett, Asst. Atty. Gen., Austin, Tex., for respondent-appellee.

ON PETITION FOR REHEARING AND
PETITION FOR REHEARING
EN BANC

(Opinion April 27, 1979, 5 Cir. 1979,
594 F.2d 115)

Before COLEMAN, GODBOLD and INGRAHAM, Circuit Judges.

PER CURIAM:

The petition for rehearing is granted.

Our original opinion, 594 F.2d 115, is modified by withdrawing the language beginning with the last full paragraph on page 117 and continuing to the end of the opinion and substituting the following therefor.

It is obvious that the representation by petitioner's retained appellate counsel was incompetent.[4] Constitutionally ineffective assistance of counsel in state court may be predicated upon either the due process clause of the Fourteenth Amendment or the assistance of counsel clause of the Sixth Amendment.[5] *See Fitzgerald v. Estelle*, 505 F.2d 1334, 1335–37 (5th Cir. 1975) (en banc).

In the first situation, we say that constitutionally ineffective assistance of retained counsel occurs when the whole proceeding is fundamentally unfair. In other words, "the criminal justice system has so grossly malfunctioned that the state's subsequent imprisonment or fine of the defendant is a violation of due process. . . . Fourteenth Amendment state action is present, not because a state official knew or should have known the particulars of the unfairness but because the system has failed." *Cantrell v. Alabama*, 546 F.2d 652, 653 (5th Cir. 1977) (citation omitted).

In the second situation, state action is present, not because the whole proceeding is "fundamentally unfair" but rather because a state official knew or should have known of the "particulars of the unfairness." *Id.* The language of *Fitzgerald v. Estelle, supra*, quoted in *Cantrell v. Alabama, supra*, concerning the Sixth Amendment denial of assistance of counsel is:

To find state involvement in retained counsel's conduct which is adjudged to be less than reasonably effective, yet not so grossly deficient as to render the proceedings fundamentally unfair, it must be shown that some responsible state official connected with the criminal proceeding who could have remedied the conduct failed in his duty to accord justice to the accused. That the trial judge and the prosecutor have such a capacity and duty is unquestionable. Therefore, if the trial judge or the prosecutor can be shown to have actually known that a particular defendant is receiving incompetent representation and takes no remedial action, the state action requirement is satisfied. If they directly participate in the incompetency, it is even more so. Furthermore, if the incompetency of a retained attorney's representation is so apparent that a *reasonably attentive official of the state should have been aware of and could have corrected it* then again the state action requirement is satisfied.

*Fitzgerald, supra*, 505 F.2d at 1337 (emphasis added).

It is abundantly clear that the Texas Court of Criminal Appeals had actual knowledge that petitioner was receiving incompetent representation and took no remedial action. The per curiam opinion not-

---

4. The submission by Mr. Lofthus of a one sentence appellate brief on behalf of one whose conviction has resulted in a life sentence as a habitual offender can hardly be said to reflect the "role of an active advocate in behalf of his clients." *Anders v. California*, 386 U.S. 738, 744, 87 S.Ct. 1396, 1400, 18 L.Ed.2d 493 (1967).

5. The Sixth Amendment right of an accused to assistance of counsel was made obligatory on the states by the Fourteenth Amendment in *Gideon v. Wainwright*, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963).

ed that "[o]bviously, this [one sentence brief] presents nothing for review." This case is not unlike *Cantrell v. Alabama, supra,* where, after an uncertified transcript had been filed, the attorney general moved to dismiss the appeal because of the lack of a certificate. The court noted that the state's highest legal officer had actual knowledge of the defective assistance of counsel at a time when the error could have been corrected. *Cantrell, supra,* 546 F.2d at 654.

In the instant case, the Texas Court of Criminal Appeals could have ordered petitioner's counsel to rebrief the case before disposition of the appeal, especially since counsel had attempted untimely to submit a "First Amended Brief," which the Court refused to consider. As in *Cantrell,* the Constitution requires more than what was afforded petitioner.

 The state trial court's ruling that defense counsel could not impeach a prosecution witness with evidence of his jail record comported with state law and did not violate the confrontation clause of the Sixth Amendment. Submission of a one sentence brief by retained appellate counsel, however, denied petitioner the effective assistance of counsel required by the "incorporated" Sixth Amendment. Accordingly, the district court's denial of the application for a writ of habeas corpus is affirmed in part and reversed and remanded in part. Upon remand, the district court is instructed to enter an order granting the petition for writ of habeas corpus unless the courts of Texas shall grant and afford the petitioner a new and out-of-time appeal, the time of which shall run from the date of the district court's order.

AFFIRMED in part, REVERSED and REMANDED in part.

COLEMAN, Circuit Judge, concurring specially.

I was so appalled by the filing of a one-line brief by retained counsel in a criminal appeal that I concurred in the prior opinion in this case, reported at 594 F.2d 115. Upon it being brought to the attention of the panel that we were in conflict with the decision of another panel, *Perez v. Wainwright,* 594 F.2d 159 (5th Cir.), rendered almost simultaneously and which we did not know about, the above revised opinion is being issued, authored by Judge Ingraham and concurred in by Judge Godbold.

I concur in this opinion because it directs only that Passmore be given an out of time appeal. If his conviction was being subjected to outright invalidation I would most certainly dissent.

I wish, however, to make a record of some of my reservations about my concurrence. The solemn judgment of the Texas Court of Criminal Appeals, in which the retained lawyer filed the one-line brief, recites that the Court had made an independent evaluation of the record and had found no error. This means that the lawyer's dereliction hardly resulted in any prejudice to Passmore. The better course would be to apply the harmless error rule of *Chapman v. California,* 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705. The out of time appeal is probably going to be a waste of time and effort on the part of both counsel and the Texas appellate court. Therefore, if I were deciding this case individually I would apply the harmless error rule and affirm the District Court.

By my concurrence I do not intend to be lending support to the idea that state appellate courts must now review all briefs as to the competency and adequacy of the representation afforded by retained counsel in order to foreclose claims of incompetency of counsel or inadequacy of representation at the appellate level, especially where, for all we know, the filing may be simply for delay or for some other reason not really based on any real hope of reversal.

I have searched the federal constitutional precedents and I find almost nothing on incompetency of counsel or inadequate representation in state court appeals. The hundreds of precedents in this area deal with what happened at the original trial on the merits, where the focal issue of guilt or innocence was at stake.

I must express the hope that this case will not become the vehicle by which over-burdened federal courts are to begin reviewing the competency and adequacy of retained appellate counsel in state courts. As a Sixth Amendment matter, when a defendant is represented by retained counsel and a state court tells us that it has reviewed the record in an ordinary felony case, such as we have here, and found no error I think we should accept that unless the habeas corpus applicant can cite chapter and verse to show that the state appellate court was clearly wrong, to the prejudice of his constitutional rights.