Robert Charles JONES,
Petitioner-Appellant,

v.

W. J. ESTELLE, Jr., Director, Texas
Department of Corrections,
Respondent-Appellee.

No. 79–3000
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

July 21, 1980.

* Fed.R.App.P. 34(a), 5th Cir. R. 18.

Before TJOFLAT, FRANK M. JOHNSON, Jr., and GARZA, Circuit Judges.

PER CURIAM:

This is an appeal from the district court's denial of a motion filed pursuant to 28 U.S.C. § 2254 for habeas corpus relief from a conviction and sentence imposed on Robert Jones by the Texas state courts.

In 1973 Jones was convicted of robbery by assault. He was sentenced to life imprisonment under the Texas habitual offender statute. Tex. Penal Code Ann. art. 63 (1962) (repealed and recodified as Tex. Penal Code Ann. § 12.42(d)). His conviction was affirmed on direct appeal by the Texas Court of Criminal Appeals in an unpublished per curiam opinion. Jones' subsequent application for state habeas corpus relief was denied by the trial court and this denial was affirmed by the Court of Criminal Appeals.

In his habeas petition filed in federal district court, Jones raised three issues: (1) that the State improperly introduced prior convictions for impeachment purposes which unduly prejudiced his right to a fair trial; (2) that certain prosecutorial remarks were so inflammatory and prejudicial that his trial was rendered fundamentally unfair; and (3) that his retained counsel at both the trial and appellate levels failed to render effective assistance of counsel. These claims are without merit and we affirm the denial of the petition.

Jones first objects to the prosecutor's use of three prior convictions to impeach the "self-defense" testimony proffered by the petitioner at trial.[1] He contends that two of these convictions, a 1955 conviction for misdemeanor theft and a 1961 conviction for misdemeanor assault, were unconstitutionally obtained because Jones was indigent and unrepresented by counsel when convicted. *See Scott v. Illinois*, 440 U.S. 367, 99 S.Ct. 1158, 59 L.Ed.2d 383 (1979).

Judith K. Sinclair, Dallas, Tex. (court-appointed), for petitioner-appellant.

Sam L. Jones, Jr., Asst. Atty. Gen., Austin, Tex., for respondent-appellee.

---

1. In his brief, Jones concedes the validity of the fourth conviction that he urged in his petition to the district court.

Accordingly, Jones argues, they could not properly be used to impeach his testimony. See Potts v. Estelle, 529 F.2d 450, 455 (5th Cir. 1976). Although the jury heard testimony concerning these two convictions, the trial court ordered withdrawal of exhibits concerning the convictions before the jury retired. Jones contends, however, that this evidence was not effectively withdrawn from the consideration of the jury. He further contends that a third conviction in 1969 for possession of a firearm by an ex-convict is void because he was sentenced to less than the statutory minimum.

■ A total of seven prior convictions was offered and admitted to impeach the petitioner's testimony. These included the three noted above and a 1963 conviction for robbery, a 1965 conviction for felony theft, a 1972 misdemeanor conviction for possession of a firearm, and a 1949 conviction for burglary. In light of these uncontested prior convictions, it is unnecessary to examine the validity of the contested convictions or the effectiveness of the curative instructions. Even if the contested convictions are void, and therefore may not properly be used for impeachment, the prosecution's use of these three convictions was harmless error. See Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967); Thomas v. Savage, 513 F.2d 536, 538 (5th

Cir. 1975), cert. denied, 424 U.S. 944, 96 S.Ct. 1135, 48 L.Ed.2d 189 (1976). The four uncontested convictions included three felonies and three convictions that were more recent than the allegedly void ones. These four convictions thoroughly impeached Jones' credibility and therefore any error in admitting the other convictions was rendered harmless. Cf. Potts v. Estelle, supra at 454–55 (5th Cir. 1976) (error not harmless where nine out of ten convictions may have been void). Moreover, because federal courts do not review a state's failure to adhere to its own sentencing procedures, petitioner's objection to his 1969 felony conviction on the ground that he did not receive the minimum sentence under Texas law does not present a possible basis for habeas corpus relief. See Nichols v. Estelle, 556 F.2d 1330, 1331 (5th Cir. 1977), cert. denied, 434 U.S. 1020, 98 S.Ct. 744, 54 L.Ed.2d 767 (1978); Willeford v. Estelle, 538 F.2d 1194, 1196 (5th Cir. 1976).[2]

■ Petitioner's second and third grounds for relief pertain to alleged misconduct on the part of the prosecution. As his second ground for relief, Jones contends that prosecutorial remarks during the trial and in closing argument were so inflammatory and prejudicial as to render his trial fundamentally unfair under due process.[3]

---

2. Petitioner also argues that his 1949 burglary conviction is too remote to use for impeachment purposes but concedes that such a conviction may be used under Texas law when it is shown that defendant has failed to reform. Castillo v. State, 411 S.W.2d 741, 742 (Tex. Crim. App. 1967).

3. Petitioner first objects to the following questioning:

> Have you ever had anybody tell you that you're a convincing liar?
>
> \* \* \* \* \* \*
>
> Q. And nobody ever took you from here down to the city to talk to someone down in the basement—
>
> A. They carried me for a lie detector test.

Jones alleges that this questioning was designed to elicit information concerning a polygraph test and its results, evidence that is inadmissible under Texas law.

Jones also objects to the prosecutor's remarks concerning the qualities of the appointed defense counsel, as made in the following example:

> . . . [P]lease separate in your mind these two fine gentlemen from the convicted criminal that they're appointed to represent. They have done an able job in representing him, just as the law requires and the law allows.

Finally, Jones asserts that the prosecutor made several impermissible remarks during closing argument. For example:

> Heaven help us. Don't be bamboozled by that man's story, I'm not going to feel safe in my home at night if any of you are.
>
> \* \* \* \* \* \*
>
> I submit to you it will be a travesty of justice to find this man not guilty.
>
> \* \* \* \* \* \*
>
> Well, I think that what it gets down to is that the defendant—you remember when he was up there testifying and he said, "Well, which jury trial are you asking me? Are you asking me about that one where the jury found me not guilty?" You remember that? That back in 1961, I believe he said, and he's not quite gotten over that

The prosecutor in this case unquestionably overstepped the bounds of propriety. We cannot say, however, that he overstepped the bounds of constitutionality since we are constrained by a narrow scope of review in this habeas proceeding. Petitioner must show that the remarks were so prejudicial that they rendered the trial in question fundamentally unfair. *Donnelly v. DeChristoforo*, 416 U.S. 637, 643, 94 S.Ct. 1868, 1871, 40 L.Ed.2d 431 (1974); *Cobb v. Wainwright*, 609 F.2d 754, 756 (5th Cir. 1980). Determining whether the challenged remarks had this effect turns on an assessment of the remarks within the context of the particular trial. *See Houston v. Estelle*, 569 F.2d 372, 383 (5th Cir. 1978). In this case, Jones' testimony had already been thoroughly impeached by the evidence of the four prior valid convictions before the challenged remarks could render the trial fundamentally unfair. And this is not a case in which the prosecutor alluded to nonexistent evidence in an effort to mislead the jury. *Cf. Houston v. Estelle, supra* at 381. Furthermore, a remark made by Jones concerning a lie detector test was spontaneous and not, as Jones complains, elicited by the prosecutor's questioning. As petitioner admits in his brief, the evidence was sufficient to convict him. Under all the circumstances reflected by the record in this case, we are clear to the conclusion that prosecutorial remarks of the character quoted above did not so infect the trial with unfairness as to make the resulting conviction a denial of due process. *See Houston v. Estelle, supra* at 382, 384 (a defect of constitutional proportion is not to be found in any but egregious cases; the constitutional frontier stands very far indeed from the core of good prosecutorial practice).

As his final ground for relief, Jones contends that he was denied effective assistance of counsel during both his trial and direct appeal. His contention states that trial counsel was ineffective because coun-

sel (1) neglected his obligation to prepare for trial; (2) failed to object to prejudicial prosecutorial remarks; (3) failed to timely object to the admission of the three allegedly void convictions; and (4) failed to request curative instructions for the withdrawal from evidence of two challenged convictions. The standard we must apply is whether the party was represented by "counsel reasonably likely to render and rendering reasonably effective assistance." *Easter v. Estelle*, 609 F.2d 756, 759 (5th Cir. 1980), *citing MacKenna v. Ellis*, 280 F.2d 592 (5th Cir. 1960), *modified*, 289 F.2d 928, *cert. denied*, 368 U.S. 877, 82 S.Ct. 121, 7 L.Ed.2d 78 (1961). In light of this standard, Jones' claim is without merit.

This Court has held that the brevity of time spent in consultation, without more, does not establish that counsel was ineffective. *See Easter v. Estelle*, 609 F.2d 756, 759 (5th Cir. 1980); *Carbo v. United States*, 581 F.2d 91, 93 (5th Cir. 1978). Thus, it is not enough to show that counsel only met with Jones once before trial, as long as counsel was adequately prepared. The record reveals that counsel devoted sufficient time to insure an adequate defense and to become thoroughly familiar with the facts and law of this case.

Jones also claims that he was denied effective assistance of counsel because his attorneys failed to object sufficiently to alleged prosecutorial misconduct and to the admission of the three allegedly void prior convictions. Despite the absence of objections to the prosecutor's remarks as being prejudicial, the record shows, as discussed earlier, that the remarks were not so prejudicial as to render the trial fundamentally unfair. *See Easter v. Estelle, supra*. Nor does the failure to object at the beginning of trial to the admission of the prior convictions provide grounds for habeas relief. Two of the challenged prior convictions were withdrawn from the jury's considera-

time he bamboozled the jury. He tried it again in what was it, '64—that robbery—this case, and it didn't work, but they only gave him five years. So he says this time I will try it again, and my story will be better

this time to you folks. I'll go for simple assault. Don't be bamboozled. Very convincing liar, he thinks. I hope none of you think so.

tion before the jury retired. Moreover, as we noted earlier, admission of the allegedly void prior convictions was not harmful error.

■ With respect to the effectiveness of petitioner's appellate counsel, Jones' allegations relating to the prosecution's jury argument were presented to the Texas Court of Criminal Appeals on direct appeal and rejected as being without merit. Jones contends that his appellate counsel was ineffective because, as pointed out by the state appellate court, the attorney failed to specify where the challenged jury arguments occurred as required by state law. *See* Tex. Code Crim. Pro. Art. 40.09(9) (Vernon). However, there is no evidence that this failure prejudiced the petitioner since the Texas Court "searched the prosecutor's argument" and found that no error was shown. Thus, this claim is insufficient grounds for habeas relief and there is no other indication that Jones' appellate counsel did not satisfy the minimum requirements for appellate counsel. *See Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); *Passmore v. Estelle*, 594 F.2d 115, *modified*, 607 F.2d 662 (5th Cir. 1979).

AFFIRMED.

* Fed.R.App.P. 34(a); 5th Cir. R. 18.