**James Lee MORROW, Appellant,**

v.

**Donald W. WYRICK, Warden; John D. Ashcroft, Attorney General, State of Missouri, Appellees.**

**No. 80–1300.**

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 14, 1980.

Decided April 10, 1981.

John Ashcroft, Atty. Gen., Michael Elbein, Asst. Atty. Gen., Jefferson City, Mo., for appellees.

James Lee Morrow, Jefferson City, Mo., in pro. per.

Timothy K. Kellett, St. Louis, Mo., for appellant James Lee Morrow.

Before HENLEY, Circuit Judge, BEN-NETT,* Court of Claims Judge, and McMILLIAN, Circuit Judge.

McMILLIAN, Circuit Judge.

Petitioner James Lee Morrow appeals from a judgment entered in the District Court for the Eastern District of Missouri [1] denying his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner was convicted of robbery in the first degree with a dangerous and deadly weapon in the Circuit Court for the City of St. Louis and sentenced to thirty-five years imprisonment. His conviction was affirmed on direct appeal to the Missouri Court of Appeals. *State v. Morrow*, 541 S.W.2d 738 (Mo.Ct.App.1976). Subsequent motions for transfer to the Missouri Supreme Court were denied.

In this appeal petitioner argues that the district court erred in (1) finding no violation of the confrontation clause, (2) finding petitioner's other claims did not constitute constitutional error, and (3) not addressing petitioner's claim that he was denied effective assistance of counsel in the Missouri Court of Appeals. In response the state argues generally that petitioner failed to exhaust available state remedies and, alternatively, that petitioner's allegations are without merit.

For the reasons discussed below, we affirm the judgment of the district court.

The relevant facts are as follows:

On September 30, 1973, Paul Pittman, attendant at a St. Louis automobile service station, was robbed at gunpoint of his wallet and cash-on-hand at the station. Curiously, he received an envelope in the mail, sans return address, containing his stolen wallet, in turn containing receipts bearing [petitioner's] name and address. These were delivered to the police resulting in [petitioner's] prompt arrest and later identification by Pittman at a lineup. On March 19, 1974, Pittman again identified [petitioner] at a preliminary hearing, attended by two unofficial stenographers, Roseann Montefelice and JoAnn Stowers.*

* Ms. Montefelice was employed at the Public Defender's Bureau and Ms. Stowers by the Parole Office. Both were regularly required to record such testimony for their respective offices.

Pittman, the only identifying witness, died in August 1974 prior to trial; however, his preliminary hearing testimony was substantively admitted at trial when witnesses Montefelice and Stowers were permitted to read from their transcribed notes of the preliminary hearing.

*Id.* at 740 & n.1. The official court reporter testified at the trial that he had taken stenographic notes at the preliminary hearing but had lost those notes.

In his petition for a writ of habeas corpus petitioner alleged that the trial court erred in (1) allowing Ms. Montefelice and Ms. Stowers to testify because their testimony constituted inadmissible hearsay and was prejudicial, irrelevant, and immaterial (allegations # 1–4), (2) allowing Mr. Darville Jefferson and police officer Ronald Kleinsorge to testify that Mr. Pittman had identified petitioner as the robber at the preliminary hearing because their testimony was conclusory, (3) allowing the state to establish the death, and therefore the unavailability as a witness, of Mr. Pittman by using a coroner's report, and (4) refusing to grant a mistrial after a prosecution witness improperly mentioned an out-of-court identification. The district court viewed petitioner's challenges to the admissibility of the testimony of witnesses Montefelice, Stowers, Jefferson, and Kleinsorge as implicitly alleging a violation of the confrontation clause of the sixth amendment.[2] The district court found no constitutional violation.

---

* The Honorable Marion T. Bennett, Judge, United States Court of Claims, sitting by designation.

1. The Honorable John F. Nangle, United States District Judge for the Eastern District of Missouri.

2. "In all criminal prosecutions, the accused shall enjoy the right ... to be confronted with the witnesses against him." U.S.Const. amend. VI.

The district court reviewed petitioner's remaining allegations and found that the allegations constituted at most evidentiary or trial errors which did not give rise to constitutional errors cognizable in a petition for a writ of habeas corpus. *Morrow v. Wyrick*, No. 79–1319 C (2) (E.D.Mo. Apr. 2, 1980).[3]

## I. *Confrontation Clause*

Petitioner first argues that the district court erred in finding no violation of the confrontation clause. Petitioner argues that the introduction at trial of Mr. Pittman's identification of petitioner at the preliminary hearing through the testimony of Ms. Montefelice and Ms. Stowers violated his constitutional right of confrontation. Petitioner emphasizes that there was no official judicial record of the preliminary hearing, that there is no affirmative showing in the record that Mr. Pittman was under oath when he testified at the preliminary hearing, that petitioner was represented by different counsel at the preliminary hearing and at trial, and that the testimony of Ms. Montefelice and Ms. Stowers was "crucial" to the state's case and "devastating" to petitioner.

In response the state argues that petitioner has not exhausted available state remedies. The state appellate court did not reach the question of the admissibility of the preliminary hearing testimony because petitioner's brief on appeal failed to comply with applicable state appellate court rules[4] and therefore preserved nothing for appellate review. *State v. Morrow, supra,* 541 F.2d at 740–41 & nn. 1–4. The state argues that failure of counsel to properly raise an issue on appeal can be remedied by filing a motion to recall mandate. *See, e. g., Hemphill v. State,* 566 S.W.2d 200 (Mo.1978) (banc). On the merits the state argues that

the challenged testimony did not violate the confrontation clause because such testimony falls within what may be called the "unavailable hearsay declarant" exception to the confrontation requirement. *Phillips v. Wyrick,* 558 F.2d 489, 493 (8th Cir. 1977), *cert. denied,* 434 U.S. 1088, 98 S.Ct. 1283, 55 L.Ed.2d 793 (1978); *see Ohio v. Roberts,* 448 U.S. 56, 100 S.Ct. 2531, 65 L.Ed.2d 597 (1980); *Mancusi v. Stubbs,* 404 U.S. 204, 92 S.Ct. 2308, 33 L.Ed.2d 293 (1972); *California v. Green,* 399 U.S. 149, 90 S.Ct. 1930, 26 L.Ed.2d 489 (1970); *Barber v. Page,* 390 U.S. 719, 88 S.Ct. 1318, 20 L.Ed.2d 255 (1968); *Pointer v. Texas,* 380 U.S. 400, 85 S.Ct. 1065, 13 L.Ed.2d 923 (1965); *Mattox v. United States,* 156 U.S. 237, 15 S.Ct. 337, 39 L.Ed. 409 (1895).

As noted by the state, petitioner failed to properly raise the confrontation clause issue on appeal in state court. Nevertheless,

> [w]e do no disrespect to that court's power over practice before it when we find that [petitioner] had exhausted his state remedies notwithstanding presentation of his claims in a form unacceptable under [Missouri] law. While a state court undeniably has the power, within constitutional limits, to prescribe the form of briefs presented to it, it does not necessarily follow, however, that perfect compliance with such rules of briefing is always a prerequisite to the exercise of federal habeas corpus jurisdiction.
>
> ... [T]he question is not one of federal power, but one of equitable discretion .... [F]ederal habeas corpus relief will not be withheld for failure to exhaust state remedies where state courts have had a full opportunity to determine the federal constitutional issues before resort is made to the federal forum, even if the

---

**3.** The petition had been referred to the federal magistrate (Hon. David Noce) for a report and recommendation pursuant to 28 U.S.C. § 636(b). The magistrate resolved the allegations adversely to petitioner and the magistrate's report and recommendation was adopted by the district court.

**4.** The state appellate court noted that petitioner's points of error were abstract and concluso-

ry, did not "isolate and formulate the precise issue[s] to be reviewed," developed issues for the first time in "argument" which are different from those in "points relied on," and did not inform the court "wherein and why the rulings sought to be reviewed are claimed to be erroneous." *State v. Morrow,* 541 S.W.2d 738, 740–41 & nn.1–4 (Mo.Ct.App.1976), *citing* Mo.R. Civ.P. 84.04 (case citations omitted).

state court does not reach the merits of the petitioner's claim. . . . In order to determine whether a claim has been fairly presented to the state courts, a federal court is not to assume that any claim not mentioned in the opinion of the state court was not presented . . . . [I]t is necessary to examine the petitioner's brief in the state court.

*Houston v. Estelle*, 569 F.2d 372, 375 (5th Cir. 1978) (Texas law) (citations omitted); see *Girard v. Goins*, 575 F.2d 160, 163 (8th Cir. 1978); *Losieau v. Sigler*, 421 F.2d 825, 828 (8th Cir. 1970).

■ We find that the district court properly reached the merits of petitioner's confrontation clause claim. We have examined petitioner's state appellate brief and the state's appellate brief. Although we do not quarrel with the state appellate court's characterization of petitioner's points of error as abstract and conclusory, we find that the confrontation clause issue was fairly presented to the state appellate court. Petitioner's brief in the state appellate court is admittedly not a model of legal drafting; however, petitioner's basic argument that the introduction of the challenged testimony deprived him of the right to confront and cross-examine witnesses is discernible.[5] Petitioner cited in support of the confrontation argument several state cases which specifically discuss the question of the admissibility of preliminary hearing testimony of unavailable witnesses. Brief of Appellant at 40–49, *citing State v. Phillips*, 511 S.W.2d 841 (Mo.1974); *State v. Alexander*, 499 S.W.2d 439 (Mo.1973); *State v. Granberry*, 491 S.W.2d 528 (Mo.1973) (banc). Moreover, the state was able to identify the substance of petitioner's points of error and to address the merits, citing two of the landmark Supreme Court cases on the confrontation clause. Brief of Respondent at 8, 12, *citing Mattox v. United States, supra*, 156 U.S. 237, 15 S.Ct. 337, 39 L.Ed. 409, *and*

*Pointer v. Texas, supra*, 380 U.S. 400, 85 S.Ct. 1065, 13 L.Ed.2d 923.

■ We further find that the introduction of the preliminary hearing testimony of the unavailable witness was constitutionally permissible. *Ohio v. Roberts, supra*, 448 U.S. at 66, 100 S.Ct. at 2539; *Phillips v. Wyrick, supra*, 558 F.2d at 494. As summarized by Justice Blackmun in *Ohio v. Roberts*,

> when a hearsay declarant is not present for cross-examination at trial, the confrontation clause normally requires a showing that [the declarant] is unavailable. Even then, [the declarant's] statement is admissible only if it bears adequate "indicia of reliability." Reliability can be inferred without more in a case where the evidence falls within a firmly rooted hearsay exception. In other cases, the evidence must be excluded, at least absent a showing of particularized guarantees of trustworthiness.

448 U.S. 66, 100 S.Ct. at 2539 (footnote omitted).

In view of the death of Mr. Pittman after the preliminary hearing, there can be no question here about the unavailability of the hearsay declarant nor any need to determine whether the state made a good faith effort to produce the witness at trial. Mr. Pittman was cross-examined by defense counsel at the preliminary hearing. *Ohio v. Roberts* reaffirmed the association established in *California v. Green* between "preliminary-hearing testimony previously subjected to cross-examination [and] previously cross-examined prior-trial testimony, which the Court has deemed generally immune from subsequent confrontation attack." *Id.* at 72, 100 S.Ct. at 2542. In short, the present case is one in which reliability can be inferred; no "particularized search for 'indicia of reliability'" is necessary because the requisite "guarantees of trustworthi-

---

**5.** Petitioner's state appellate brief emphasizes the hearsay aspects of the unavailable witness testimony problem and thus can be said to have raised the confrontation clause only implicitly. We do not think that an evidentiary focus necessarily means that the constitutional

issue was not "fairly presented" to the state court. The hearsay rules and the confrontation clause are intimately related, though not identical in purpose or scope. *See California v. Green*, 399 U.S. 149, 155–56, 90 S.Ct. 1930, 1933–34, 26 L.Ed.2d 489 (1970).

ness" are found in the "accoutrements of the preliminary hearing itself." *Id., citing California v. Green, supra,* 399 U.S. at 161–65, 90 S.Ct. at 1936–38. *But see California v. Green, supra,* 399 U.S. at 195–203, 90 S.Ct. at 1954–1958 (Brennan, J., dissenting) (significant differences in the nature and objectives of the preliminary hearing and the trial preclude substituting confrontation at the former proceeding for the constitutional requirement of confrontation at the latter).

Petitioner, however, challenges the reliability of this particular preliminary hearing because there was no official judicial record of the preliminary hearing, there is no affirmative showing in the record that the hearsay declarant, Mr. Pittman, was under oath when he testified at the preliminary hearing, petitioner was represented by different counsel at the preliminary hearing and at trial, and the disputed testimony was "crucial" to the state's case and "devastating" to petitioner. We disagree.

In the circumstances we are not persuaded that the absence of a judicial record of [Mr. Pittman's] preliminary hearing testimony was unduly prejudicial to the petitioner's right of confrontation. The purpose of a written record is to preserve the accuracy of testimony, and its use would be particularly appropriate where the prior testimony of an unavailable witness is introduced at trial. However, reliance upon a written record is not the only means of fulfilling the mission of the confrontation clause and assuring that "the trier of fact [has] a satisfactory basis for evaluating the truth of the prior statement."

*Phillips v. Wyrick, supra,* 558 F.2d at 495 (citations omitted). In the present case, as in *Phillips v. Wyrick,* the stenographers and the accuracy of their stenographic notes were subject to cross-examination by petitioner's trial counsel. Similarly, the accuracy of Mr. Jefferson's and Officer Kleinsorge's testimony about Mr. Pittman's identification of petitioner at the preliminary hearing was subject to cross-examination as well.

We do not find the absence of an affirmative showing in the record that Mr. Pittman was under oath at the preliminary hearing to be fatal to the constitutional use of such evidence. Although Ms. Montefelice and Ms. Stowers could not remember, nor did their stenographic notes reflect, whether Mr. Pittman had been sworn in at the preliminary hearing, both stenographers testified that they only took down the testimony of sworn witnesses and that the reference to a particular witness having been sworn in is not included in their stenographic notes but is inserted later when the notes are transcribed and typed into a transcript. We note that neither stenographer was the official court reporter at this particular preliminary hearing and for this reason their stenographic notes, although accurate and otherwise complete, did not include a reference to the swearing in of witnesses. Under these circumstances, the absence of an affirmative showing that the witness at the preliminary hearing was under oath was at most a technical omission which did not undermine the integrity of the judicial tribunal or the "guarantees of trustworthiness" associated with the preliminary hearing.

We reject petitioner's argument that different counsel at the preliminary hearing and at trial undermines the reliability of the preliminary hearing proceeding. *See Ohio v. Roberts, supra,* 448 U.S. at 72, 100 S.Ct. at 2542 ("[U]nder a 'same attorney' rule, a defendant could nullify the effect of *Green* by obtaining new counsel after the preliminary hearing was conducted."). We note that in the present case defense counsel in fact cross-examined Mr. Pittman at some length. *See id.* at 70, 100 S.Ct. at 2541 (requiring the "equivalent of significant cross-examination").

We also reject petitioner's argument that the preliminary hearing testimony was "unduly prejudicial" because it was "read" to the jury by third parties and thus was not subjected to "face-to-face confrontation." Given the substance of the preliminary hearing testimony in the present case, wherein Mr. Pittman identified petitioner

as the robber, the impact of such testimony was both crucial to the prosecution and adverse to petitioner. This kind of problem is inherent in using prior testimony, whether from a trial or a preliminary hearing. Petitioner cannot here reargue the merits of *California v. Green.*

## II. *Evidentiary and Trial Errors*

Petitioner next argues that the district court erred in finding his other claims did not constitute constitutional error. We disagree.

In a § 2254 proceeding, questions as to the admissibility of evidence are considered to be matters of state law and procedure and are ordinarily not reviewable. A federal issue is not presented unless the trial irregularities or evidentiary errors infringe upon a specific constitutional guarantee or amount to a denial of due process because of the prejudicial nature of the error.

*Ball v. Wyrick,* 547 F.2d 78, 79 (8th Cir.) (per curiam) (citations omitted), *cert. denied,* 431 U.S. 941, 97 S.Ct. 2657, 53 L.Ed.2d 259 (1977).

In order to establish a denial of due process the petitioner must prove that the asserted error was so "gross," "conspicuously prejudicial," or otherwise of such magnitude that it fatally infected the trial and failed to afford petitioner the fundamental fairness which is the essence of due process.

*Maggitt v. Wyrick,* 533 F.2d 383, 385 (8th Cir.) (citations omitted), *cert. denied,* 429 U.S. 898, 97 S.Ct. 264, 50 L.Ed.2d 183 (1976).

We have carefully reviewed the record and agree with the district court that the rest of petitioner's claims [6] alleged evidentiary or trial errors which did not rise to the level of constitutional error cognizable in a federal habeas corpus petition.

## III. *Ineffective Assistance of Counsel*

■ Petitioner next argues that the district court erred in not addressing his claim that he was denied effective assistance of counsel in the Missouri Court of Appeals. Petitioner argues that he did not receive effective assistance of counsel on appeal in state court because five of the seven points of error raised in his state appellate brief were procedurally defective and thus preserved nothing for review. *State v. Morrow, supra,* 541 S.W.2d at 740–41, 743 & nn.1–4, 6. Petitioner did not raise an ineffective assistance of counsel claim in state court or in the district court. Such a failure will preclude consideration of such a claim here. *E. g., Young v. Arkansas,* 533 F.2d 1079, 1080 (8th Cir. 1976).

Petitioner, however, argues that the incompetence of his state appellate counsel was so blatant that the state appellate court is chargeable with actual knowledge that he was receiving incompetent representation, *citing Passmore v. Estelle,* 607 F.2d 662, 663–64 (5th Cir. 1979) (per curiam), *cert. denied,* 446 U.S. 937, 100 S.Ct. 2155, 64 L.Ed.2d 789 (1980). We distinguish *Passmore* on the basis of its extraordinary facts. In *Passmore* counsel filed a one sentence appellate brief on behalf of a defendant whose conviction resulted in a life sentence as a habitual offender. As noted by

---

**6.** Petitioner alleged that the testimony of Ms. Montefelice, Ms. Stowers, Mr. Jefferson, and Officer Kleinsorge constituted inadmissible hearsay and was prejudicial, irrelevant, and immaterial; that the testimony of Mr. Jefferson and Officer Kleinsorge was conclusory; that the state improperly used a coroner's report to establish the death of Mr. Pittman; and that the state trial court erroneously denied petitioner's motion for a mistrial following testimony about an out-of-court identification. We note that the second and third issues were resolved on the merits against petitioner by the state appellate court. *State v. Morrow, supra,* 541 S.W.2d at 742–43. The state appellate

court determined the other two issues had not been properly raised for the purposes of appeal. *Id.* at 740–41, 743.

Petitioner also alleged that the state trial court erred in denying his motion to quash a subpoena duces tecum served against Ms. Montefelice for the production of her stenographic notes because the notes were the work product of petitioner's defense counsel and that production would violate the attorney-client privilege. To the extent this claim could be said to raise constitutional questions, the district court addressed them in the context of the confrontation clause discussion.

the Fifth Circuit, such behavior "can hardly be said to reflect the 'role of an active advocate in behalf of his clients.'" *Id.* at 663 n.4.[7]

Petitioner also argues that he implicitly raised an ineffective assistance of counsel claim in the introductory part of his *pro se* petition. Petitioner urges the court to read the petition liberally. We have done so. The reference therein to ineffective assistance of counsel is related to petitioner's work product or attorney-client privilege claim. *See* note 6 *supra.* Even reading the petition liberally, we cannot agree that petitioner implicitly raised a claim of ineffective assistance of counsel with regard to petitioner's state appellate counsel. The district court cannot be faulted for failing to address a claim raised for the first time before this court.

Accordingly, the judgment of the district court is affirmed.

UNITED STATES of America, Appellee,

v.

Ralph RIEGELSPERGER, Appellant.

No. 79–1934.

United States Court of Appeals,
Eighth Circuit.

Submitted June 13, 1980.

Decided April 13, 1981.

Rehearing Denied June 18, 1981.

Edward A. Mallett, Nelson & Mallett, Houston, Tex., James P. Massie, John W. Walker, P. A., Little Rock, Ark., for appellant Ralph Riegelsperger.

George W. Proctor, U. S. Atty., Robert J. Govar, Don N. Curdie, Asst. U. S. Attys., Little Rock, Ark., for appellee.

---

7. I would be extremely reluctant to read *Passmore* as the basis for a rule that "state appellate courts must now review all briefs as to the competency and adequacy of the representation afforded by retained [or appointed] counsel in order to foreclose claims of incompetency of counsel or inadequacy of representation at the appellate level ...." *Passmore v. Estelle,* 607 F.2d 662, 664 (5th Cir. 1979) (Coleman, J.,

Before HEANEY and BRIGHT, Circuit Judges, and HUNGATE, District Judge.*

---

concurring specially), *cert. denied,* 446 U.S. 937, 100 S.Ct. 2155, 64 L.Ed.2d 789 (1980).