Opinion filed August 8, 2013



In The

# Eleventh Court of Appeals

_____

## Nos. 11-12-00115-CR & 11-12-00116-CR

_____

## TERRY TAFOYA NAVA, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 35th District Court**
**Brown County, Texas**
**Trial Court Cause Nos. CR21413 & CR21420**

## M E M O R A N D U M   O P I N I O N

Terry Tafoya Nava appeals her felony convictions for possession of a controlled substance and for possession of a controlled substance in a drug-free zone. After a bench trial, the trial court assessed punishment at confinement for one year and twelve years, respectively, to run concurrently. Appellant complains that she was denied effective assistance of counsel. We affirm.

## I. *Trial Evidence*

Appellant was arrested for possession of methamphetamine during a traffic stop. She was stopped for driving a vehicle that did not have a current registration sticker or inspection sticker, and her driver's license was expired. Appellant appeared to be under the influence of a controlled substance, so the officer conducted a field sobriety test. After she was arrested for driving under the influence, Appellant admitted to using methamphetamine earlier that day. Appellant also admitted that she had drugs in her purse. Appellant was indicted for possession of less than one gram of a controlled substance.

Three months later, the police served a search warrant at the apartment of Appellant's son while his girlfriend, two children, and Appellant were present. When officers said they were looking for drugs, Appellant told police to look under the bathroom sink. Officers found a "dope kit," which was described as "a blue container containing various pieces of drug paraphernalia consistent with methamphetamine." The dope kit included "a small Altoids candy tin," plastic baggies, "a snorting straw," and a "bent" business card. The officers also discovered in Appellant's purse, which was lying on a child's high chair in the kitchen, two glass pipes and two baggies that contained white residue as well as another bent business card. Appellant claimed at the time that the contraband belonged to her, but later she testified that the drugs and paraphernalia belonged to her son. She said that she had claimed them to protect him. Appellant told the trial court that her son "was already looking at some time" because police had "caught" him "with some stuff and they were just watching him." Appellant was charged with possession of less than one gram of methamphetamine in a drug-free zone because the apartment was located next to a middle school.

When the State announced ready for trial, Appellant's counsel told the trial court that Appellant wanted the trial court to appoint new counsel for her.

2

Appellant complained that her attorney failed to communicate with her prior to trial and complained that counsel called her the night before the court appearance to inform her of a five-year plea offer. Appellant also said that her counsel told her to be prepared "to be taken into custody" on her court date if she accepted the deal.

Appellant claimed that her counsel did not explain the written waiver of jury trial to her before he told her to sign it. The trial court clarified the record so that it would reflect that Appellant wished to plead not guilty. The trial court also explained to Appellant that counsel for a defendant must convey to his or her client any plea offer from the State. After the trial court concluded that Appellant knowingly and voluntarily executed her jury waiver, the trial court denied Appellant's request for another lawyer. The trial court explained that it did not find that counsel had "done anything wrong in terms of his representation of [Appellant] at this point." The case proceeded to trial.

## II. *Issue Presented*

Appellant complains on appeal that she received ineffective assistance of counsel because trial counsel (1) conveyed the State's offer to her the day before trial, (2) failed to discuss trial strategy with her, (3) conducted limited cross-examination, and (4) failed to call witnesses during the guilt phase of trial and failed to call additional witnesses during the punishment phase of trial. The State argues that Appellant's complaints concern "strategic considerations" that had "no effect" on the trial. The issue before the court is: Did Appellant satisfy both the performance and the prejudice prongs under *Strickland* to sustain her claim of ineffective assistance of counsel? *Strickland v. Washington*, 466 U.S. 668, 686 (1984).

3

## III. *Standard of Review*

When reviewing a claim of ineffective assistance of counsel, the court must determine whether counsel's performance "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland*, 466 U.S. at 686. To make this determination, we consider "the totality of the representation and the circumstances of each case without the benefit of hindsight." *Lopez v. State*, 343 S.W.3d 137, 143 (Tex. Crim. App. 2011). We consider whether counsel's performance was deficient and assess whether any prejudice resulted from the representation. *Hernandez v. State*, 988 S.W.2d 770, 772 (Tex. Crim. App. 1999).

Appellant must show under the performance prong of *Strickland* that trial counsel's representation fell below an objective standard of reasonableness. *Strickland*, 466 U.S. at 687. We presume that trial counsel's conduct was reasonable, and to overcome this presumption, the record must affirmatively demonstrate the alleged ineffectiveness. *Thompson v. State*, 9 S.W.3d 808, 814 (Tex. Crim. App. 1999); *Isham v. State*, 258 S.W.3d 244, 250 (Tex. App.— Eastland 2008, pet. ref'd). When direct evidence is not available, we will assume that defense counsel had a strategy, if any reasonable or sound strategic motivation is possible. *Lopez*, 343 S.W.3d at 143; *see also Garcia v. State*, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001) (In the absence of direct evidence of counsel's reasoning, we "will assume a strategic motivation if any can possibly be imagined.").

For the prejudice prong, the court decides whether there is a reasonable probability that the outcome would have been different "but for" counsel's errors. *Strickland*, 466 U.S. at 686; *Andrews v. State*, 159 S.W.3d 98 (Tex. Crim. App. 2005). "[T]he analysis of the prejudice prong turns on whether the deficiency made any difference to the outcome of the case." *Riley v. State*, 378 S.W.3d 453,

458 (Tex. Crim. App. 2012). "This is a heavy burden which requires a 'substantial,' and not just a 'conceivable,' likelihood of a different result." *United States v. Wines*, 691 F.3d 599, 604 (5th Cir. 2012). Courts may dispose of a claim of ineffective assistance when an appellant fails to prove either prong of the *Strickland* test. *Cox v. State*, 389 S.W.3d 817, 819 (Tex. Crim. App. 2012) (citing *Strickland*, 466 U.S. at 687).

IV. *Analysis*

A. *Alleged Failure to Timely Convey Plea Offer*

Appellant's first complaint is that trial counsel "only advised Appellant of the plea offer the day before trial." "[C]riminal defense attorneys have a duty to inform their clients of plea agreements proffered by the prosecution." *Ex parte Wilson*, 724 S.W.2d 72, 74 (Tex. Crim. App. 1987) (quoting *Johnson v. Duckworth*, 793 F.2d 898, 902 (7th Cir. 1986)). Failing to inform a client of a plea agreement offered by the State "constitutes ineffective assistance of counsel under the sixth and fourteenth amendments." *Id.* Appellant has not cited any authority that trial counsel must inform her of a plea offer at an earlier stage or explained how trial counsel was deficient in failing to inform her of a plea offer until the day before trial. Appellant rejected the State's plea agreement and pleaded not guilty. Even if it was error for trial counsel to wait until the day before trial to inform her of the offer, Appellant has failed to show that the result would have been different because she rejected the offer.

B. *Alleged Failure to Apprise Appellant of Trial Strategy*

Appellant also complains that her counsel was ineffective because he "seemingly did not discuss trial strategy with appellant." Appellant appears to complain that she did not know *before trial* what strategy trial counsel intended to use. Trial counsel has "a duty to make reasonable investigations or to make a reasonable decision that . . . particular investigations [were] unnecessary."

5

*Strickland*, 466 U.S. at 691. The "brevity of time" that counsel spends consulting with a defendant, without more, does not establish ineffective assistance. *Jones v. Estelle*, 622 F.2d 124, 127 (5th Cir. 1980). Instead, to establish a claim based on a failure to discuss trial strategy, Appellant must show that counsel was not adequately prepared. *Id.*

The Fifth Circuit has explained that, regardless of the time spent meeting with the defendant, counsel must have "devoted sufficient time to insure an adequate defense and to become thoroughly familiar with the facts of the case and the law applicable to the case." *Easter v. Estelle*, 609 F.2d 756, 759 (5th Cir. 1980). To establish prejudice, an appellant must show that further discussion would have changed the trial's outcome. *See Perez v. State*, 310 S.W.3d 890, 894 (Tex. Crim. App. 2010) (concluding that, while counsel failed to investigate an alibi witness identified by the appellant, there was no showing the testimony would have changed the result).

Although Appellant filed a motion for new trial asserting that the judgment was contrary to the law and should be vacated in the interest of justice, the court cannot determine from the record what discovery was conducted or the nature and extent of counsel's trial preparation. Because we have no explanation of strategy from trial counsel, any assessment of strategy would call for speculation. *Jackson v. State*, 877 S.W.2d 768, 771–72 (Tex. Crim. App. 1994). As a result, Appellant must rebut the presumption that counsel's decisions were reasonably professional and motivated by sound trial strategy. *See id.*

Our review of the record reflects that the defensive theory presented by counsel was that the drugs were not her drugs. Trial counsel made the point that Appellant was not in exclusive possession of the place where the drugs were found. When he questioned officers about who else had access to the drugs and whether Appellant's son had been indicted at the time of the search, counsel

6

advanced the theory that the drugs were those of Appellant's son. Trial counsel argued during the guilt phase of trial that Appellant had claimed that the drugs were hers "to protect her boy who was under indictment at the time."

Counsel continued that theme during the punishment phase. He asked Appellant during the punishment phase why she told the officers that the drugs and paraphernalia were hers, and she told the trial court that her son had been caught with drugs, was being watched, and faced imprisonment. Appellant explained, "I lied because I would do anything for my children," and she said, "I didn't want them to have more stuff on him."

Contrary to Appellant's claim, counsel must have consulted with her at some point prior to trial or he would not have known to present those matters during trial. When Appellant asked the trial court to appoint new trial counsel, Appellant stated, "[H]e is my attorney, even if he is court-appointed, and he should be telling me what is going on, and he didn't." If Appellant's complaint is that counsel did not discuss at length the details of the defense, this complaint does not constitute ineffective assistance of counsel without a showing of how Appellant would have benefited from discussing trial strategy in more detail. Nothing in the record shows counsel's representation was deficient in this regard; even if we were to assume that it was deficient, Appellant has failed to show that trial counsel's strategy was unsound or that, if had he further discussed trial strategy with her, there is a reasonable probability that the trial's outcome would have been different.

*C. Alleged Failure to Complete More Cross-Examination*

Appellant further contends that trial counsel was ineffective because he "conducted limited cross-examination of witnesses." The extent of cross-examination does not prove ineffective assistance. *Matthews v. State*, 830 S.W.2d 342, 347 (Tex. App.—Houston [14th Dist.] 1992, no pet.). The decision not to cross-examine a witness may be based on reasonable trial strategy because of the

fear of alienating the jury or appearing too aggressive. *Navarro v. State*, 154 S.W.3d 795, 799 (Tex. App.—Houston [14th Dist.] 2004, pet. ref'd). Counsel questioned the officer about other people in the apartment who had access to the drugs and about Appellant's son being indicted. Appellant does not explain what could have been achieved by further cross-examination of the trial witnesses. We fail to see how further cross-examination could have helped her case. We conclude that Appellant has not shown that defense counsel's cross-examination of witnesses was deficient.

### D. Alleged Failure to Call More Witnesses

Appellant next complains that trial counsel failed to call any witnesses during the guilt phase of trial and failed to call witnesses, besides her, during the punishment phase. Appellant can only establish an ineffective-assistance-of-counsel claim, based on a failure to call witnesses during trial, with evidence in the record to show that those witnesses were available to testify and that the testimony would have benefited the case. *Hunnicutt v. State*, 531 S.W.2d 618, 625 (Tex. Crim. App. 1976), *overruled in part on other grounds by Hurley v. State*, 606 S.W.2d 887, 889–90 (Tex. Crim. App. 1980). Although Appellant complains that trial counsel failed to call witnesses, there is nothing in the record to show what witnesses he should have called, whether those witnesses would have been available to testify, and what those witnesses would have testified to if they had been called and had testified. In the absence of such information, we cannot say that trial counsel provided ineffective assistance when he did not call additional witnesses.

### V. *Conclusion*

The court has considered the totality of the representation provided by trial counsel and concluded that Appellant has not satisfied both the performance and

prejudice prongs under *Strickland* to sustain her claim of ineffective assistance of counsel. Appellant's sole issue on appeal is overruled.

*This Court's Ruling*

We affirm the judgments of the trial court.


MIKE WILLSON

JUSTICE


August 8, 2013

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Willson, J.