No. 14–0138/AF.   U.S. v. Danny M. Burns.   CCA 37847.   Appellant's motion to attach is granted.

No. 14–0298/AR.   U.S. v. Edmond D. Jones.   CCA 20111011.   Appellant's motion to withdraw the petition for grant of review is granted.

No. 14–0130/AF.   U.S. v. David J. Janssen.   CCA 37681.   On consideration of Appellee's brief and its January 15, 2014, letter to the Clerk, filed under Rule 36A, Rules of Practice and Procedure, we find that they insufficiently address the assigned issue and Appellant's argument. When counsel submits an insufficient brief, an appellate court can and should require re-briefing. *See Passmore v. Estell*, 607 F.2d 662, 664 (5th Cir. 1979), *cert. denied* 446 U.S. 937 (1980). As noted in *Entsminger v. Iowa*, 386 U.S. 748, 751–52 (1967), both the appellate court and counsel share in the responsibility to provide complete and effective appellate review. Accordingly, it is ordered that, on or before January 23, 2014, Appellee will file a supplemental brief fully addressing the assigned issue and Appellant's arguments. No extensions of time to file will be granted.

No. 14–6003/AR.   U.S. v. Robert J. Trank.   CCA 20130742.   On consideration of the petition for grant of review filed by counsel for the appellant on January 15, 2013, under Rule 19(a)(5)(B), Rules of Practice and Procedure, United States Court of Appeals for the Armed Forces, and docketed under Docket Number 14–0331/AR, and it now appearing that said petition is in fact a petition for grant of review of the decision of the United States Army Court of Criminal Appeals on appeal by the United States under Article 62, Uniform Code of Military Justice, 10 USC § 862, it is ordered the Docket Number 14–6003/AR be forthwith assigned to this case, that Docket Number 14–0331/AF be removed from this case and reassigned in due course to an appropriate newly filed petition, that the Clerk of the Court and counsel for both parties herein promptly ensure that the new docket number assigned to this case be noted on all pleadings filed to date in this matter, and that Appellee will file an answer in accordance with Rule 21(c)(1) on or before January 27, 2014.

No. 14–8004/AF.   U.S. v. Samuel Lofton III.   CCA 2011–10.   On consideration of the writ-appeal petition, the Court notes from the record that the decision of the Court of Criminal Appeals denying the petition for extraordinary relief was issued on July 15, 2013, and that a transmittal letter with a copy of that decision was sent to Appellant at the United States Disciplinary Barracks on July 16, 2013. If Appellant received that letter at the Disciplinary Barracks prior to October 3, 2013, then this appeal, which was filed on October 23, 2013, was not timely filed. *See* C.A.A.F. R. 19(e) (noting that a writ-appeal petition must be filed within 20 days after the decision of the Court of Criminal Appeals is served on the appellant or his counsel). In this case, the writ-appeal petition itself states that Appellant was served with the decision on October 2, 2013. However, a signed receipt for the transmittal letter of the decision of the Court of Criminal Appeals does not appear in the record. Accordingly, it is ordered that on or before February 7, 2014, Appellee obtain and submit to the Court the transmittal-letter receipt or any other documentation of service on Appellant of the decision of the Court of Criminal Appeals.